IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN NANNI,<br>411 Winterberry Drive,<br>Middletown, DE  19709-8681,<br>*an individual*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WHITE MARSH PLAZA BUSINESS TRUST,<br>100 West Pennsylvania Ave.,<br>Towson, MD 21204,<br>Baltimore County,<br>*A Maryland Business Trust,*<br><br>　　　　Defendant. | )<br>)<br>)<br>)　　Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, JOHN NANNI, by and through his undersigned counsel, hereby files this Complaint and sues WHITE MARSH PLAZA BUSINESS TRUST, a Maryland Business Trust, for declaratory and injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.　　This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.　　Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.　　Plaintiff, JOHN NANNI (hereinafter referred to as "MR. NANNI" or "Plaintiff"), is a resident of the State of Delaware.

1

4. Plaintiff is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, WHITE MARSH PLAZA BUSINESS TRUST, a Maryland Business Trust, (hereinafter referred to as "DEFENDANT") is the owner, lessee, lessor and/or operator of the real property and improvements which is the subject of this action, to wit: "the Property," known as White Marsh Plaza, generally located at 7944 Honeygo Blvd., Baltimore, Maryland 21236. Defendant is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the District of Maryland.

**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping center, is a public accommodation, subject to the ADA.

10. MR. NANNI has visited the Property and plans to visit the Property again in the near future.

11. During these visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of this Complaint.

12. MR. NANNI continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MR. NANNI intends to and will visit the Property to utilize its goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

14. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following violations which Plaintiff personally encountered and/or observed and which hindered his access:

    A. Plaintiff encountered inaccessible parking due to excessive slopes and low signage;

    B. Plaintiff encountered inaccessible curb ramps due to excessive slopes, excessively sloped side flares, lack of level landings, and not being flush; and

    C. Plaintiff encountered inaccessible routes to entrance due to excessive slopes and disrepair.

15. Furthermore, DEFENDANT continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide Plaintiff an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, the barriers discussed herein still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

18. Removal of the barriers to access located on the Property would provide Plaintiff an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

19. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities

for such reasonable time so as to allow to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
6001 NW 153rd Street Suite 100
Miami Lakes, Florida 33014
Tel: (305) 891-1322
Fax: (305) 891-4512
*Attorneys for Plaintiff*

By: */s/ Robert King*  _____
Robert King, Esq. (MD 07156)
King & Silverman Attorneys at Law
5707 East West Highway
Riverdale, MD 20737
Tel: 301-699-3100
Fax: 301-864-7825
bobking@silverkinglaw.com

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN NANNI

**DEFENDANTS**
WHITE MARSH PLAZA BUSINESS TRUST

(b) County of Residence of First Listed Plaintiff: NEW CASTLE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: BALTIMORE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ku & Mussman, P.A.- 6001 NW 153 Street, Suite 100, Miami Lakes, FL 33014, Of Counsel: Robert King, Esq., King & Silverman Attorney at Law 5707 East West Highway, Riverdale, MD 20737, Tel: 301-699-3100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181
Brief description of cause:
Disability Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/11/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert King

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

JOHN NANNI,
an Individual,

*Plaintiff(s)*

v.   Civil Action No.

WHITE MARSH PLAZA BUSINESS TRUST,
A Maryland Business Trust,

*Defendant(s)*

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
WHITE MARSH PLAZA BUSINESS TRUST
By Serving Registered Agent:
Abba David Poliakoff
Gordon, Feinblatt, Rothman, Hoffberger
233 East Redwood Street
Baltimore, MD 21202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Ku & Mussman, P.A.
6001 NW 153 Street, Suite 100, Miami Lakes, FL 33014
Of Counsel: Robert King, Esq.
King & Silverman, Attorney at Law
5707 East West Highway, Riverdale, MD 20737
Tel: 301-699-3100

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: